324-0361-WC Robert Berndt, appellant by Kurt Neerman v. Illinois Workers' Compensation Commission, et al., Phoenix Logistics, Inc., and Kenan Transit Company, Appalachia, by Jennifer Kieswetter As far as the argument as to the penalties and the delay of payment, Thies and Andrews were both mentioned by counsel. Whether or not the issue was raised in front of the arbitrator and whether or not the commission can raise the issue of the tender of medical bills, on the stipulation sheet, the respondent clearly disputed liability for medical bills. The medical bills were claimed. Liability for medical bills was disputed. That's all that has to be done is disputing the liability for medical bills. There's nothing under the act that requires me to say, oh, and by the way, this is the first time that I have seen them. There's no special blank that has to be filled out. Often, that's what occurs. It's the petitioner's burden at hearing when he files a penalty petition to prove under that penalty petition that he has made the written demand. Not my burden to prove that he didn't make the written demand. It's his burden to prove that he did, and he didn't make a written demand. And for there to be a delay, which is, I think, what Andrews goes on to say, is when you're talking about the application of 19L, 19K, and Section 16, for there to be a delay, you actually had to show what it is that had to be paid. You can't delay a payment without showing what's actually owed. And that's why the commission here only awarded the $534 is because that is the only bill that actually wasn't paid by acuity. So I would ask this court to affirm the decision of the commission in its entirety, and I'm happy to take any questions if you have them. Any questions from the court? Thank you. Thank you, counsel. Thanks, Judge. Back to the statutory provisions. We got to look at the text to see what it demands of each party. There's no text in 19K. There's no text in 16. Did I have to make a written demand for anything? Those provisions have nothing to do with making a written demand. Reading something into that means we're doing exactly what the Supreme Court tells us not to do with these statutory provisions. So a commission that's acting impartially would not read those additional limitations into it. Anders, again, that employer said at trial, we didn't get the bill. We haven't had a chance to pay it. We haven't seen it yet. They disputed. They made their defenses. They made their arguments at the time of trial. They were silent on the other side of this case. Kenan and Phoenix said nothing because we'd given them everything before trial. We've been set for trial multiple times. That's not in the record either. But that's why no defense was raised about that, I assume, because it would have been completely frivolous. So the fact that there's no defense raised about tender, there's no argument even presented, even hinting at tendering. There's nothing for me to respond to. I don't litter my records with additional stuff when someone's not disputing an issue. And I think that's consistent with Section 16's simple and summary as possible command for these things. No, they didn't terminate benefits over 1A4. I'm not even sure that's accurate. They terminated them over a falsified job description and a submission of that job description to an uncredible examiner, Dr. Gleason, as the commission found. The commission tarred that as quintessential bad faith in addition to everything else they did, which the arbitrator identified. So if there's some kind of a tender defense, it must be a defense. If the employer has their own proof obligations in this system, it's to prove and raise their defenses, raise and prove their defenses. In this case, they didn't raise it everywhere else on every issue that I don't bring up, TTD, PPD, medical bills. I waive any issues that I haven't raised as a defense. There's a line in the step sheet that says other, I think it's O, and it says any other issues. There is no objection to even my penalty and fee request. So there's nothing for me to rebut by putting additional material into the record in addition to the thousands of pages that I'm already putting into the record. And when the commission raises this sui sponte on their own during the review, when I don't have a chance to show them, yes, we have tendered this. Yes, here's the itemization of bills. Yes, here's the fee schedule. There's no way for me to do that on review. That is a due process violation. The commission should stay within its lanes, review the case on the evidence that was submitted, on the issues that were submitted, on the defenses that were actually raised and not waived, and allow us to return again to the arbitration decision. So again, Justice Hoffman, I understand where you're going. It's ugly, but I've never seen a case where a whole bunch of people, a whole bunch of defendants and petitioners are trying a case together. And the court, even the circuit court, is allowed to issue one decision saying all these benefits awarded, these penalties are awarded, and to the next one, no, no, these penalties are awarded. None of these things are awarded. You know, it just doesn't make sense. If there's a binding final finding arising out of a trial, that has to be the touchstone for estoppel applying, for res judicata applying. So Amerisafe, yes, had to be brought in by me, so I didn't commit malpractice by missing a proper employer when I was told there's a 184 issue. You know, I have to protect my client's interest. And you got to remember, Judge, petitioners, lawyers don't get paid to do any of this work until it's all over. 10 years at this point. Eventually, we're going to get paid on this, hopefully. And then, you know, we do everything we can to protect our clients and even more so. So I'm asking that you overturn or demote the commission's reversal or change of the arbitration decision. And I need to get back to the penalties they awarded by the arbitrator. And I thank you for your time. Unless there's any other questions, I'm done. Any other questions from the court? No? Okay. Thank you, counsel, both, for your arguments in this matter this afternoon. We'll be taken under advisement. A written disposition shall issue. At this time, the clerk of our court will escort you both from our remote courtroom. We'll proceed to the next case. Have a nice holiday. Take care, guys.